UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RANDI KINYON                         CIVIL ACTION NO. 08-cv-1924

VERSUS                               JUDGE HICKS

SUGAR RAY BULLOCK                    MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Sugar Ray Bullock ("Bullock") was driving a Dodge Durango north on Highway 3 in Bossier Parish, with his three daughters as passengers, when the Durango was involved in an accident with a commercial tractor-trailer rig. One of Bullock's daughters was killed, and Bullock and his other two children were allegedly injured.

Bullock and his former wife, Randi Kinyon, filed three state court suits arising from the accident. Bullock filed a pro se suit in a Bossier Parish state court against the driver of the tractor-trailer rig and related defendants. Ms. Kinyon filed her own suit in Bossier Parish against the truck driver defendants as well as Bullock. Ms. Kinyon, apparently concerned about a venue issue, filed an identical petition in neighboring Caddo Parish. Bullock, in each of the cases in which he was named a defendant, filed a cross-claim against his co-defendants to allege survival and wrongful death claims along the lines of those he asserted in his own suit.

All three cases were removed based on assertions of diversity jurisdiction. The court earlier granted a Motion to Remand in Ms. Kinyon's Bossier Parish suit, and that case has

returned to state court. The court next allowed Mr. Bullock to voluntarily dismiss without prejudice his pro se case. The only one of the three cases remaining in federal court is this one, which is the suit that Ms. Kinyon filed in Caddo Parish and in which Bullock asserted cross-claims against his co-defendants.

Before the court is Bullock's Motion to Dismiss Cross-Claim Without Prejudice (Doc. 8). Bullock, now represented by counsel, represents that "the parties to the main demand in Ms. Kinyon's Caddo lawsuit has [sic] dismissed that action" so that the only claim remaining in this Caddo suit is Bullock's cross-claim. Bullock asks to dismiss his cross-claim without prejudice so that all parties may resolve their differences in the Bossier Parish suit (now remanded) filed by Ms. Kinyon.

Bullock's motion to dismiss was noticed for briefing, but no party has filed any timely opposition. As a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. Elbaor v. Tripath Imagining, Inc., 279 F.3d 314, 317 (5th Cir. 2002). The other parties are already facing a "second" lawsuit, and this dismissal will serve to reduce their exposure to litigation and avoid the risk of inconsistent verdicts or rulings. The dismissal will permit one judge, one jury, and one appellate court system to resolve all claims related to the accident.

Bullock's Motion to Dismiss Without Prejudice should be granted. It bears noting that Bullock's motion addresses only his cross-claims, which triggered the rather unusual

removal. The other claims asserted in this case are Ms. Kinyon's. Bullock reports that Ms. Kinyon has dismissed all of her claims in this Caddo Parish action, but Plaintiff has not pointed to an order that is in the record of this federal court that evidences such a dismissal. The undersigned nonetheless recommends that this civil action be closed after the voluntary dismissal of Bullock's cross-claim is granted, trusting that counsel for Ms. Kinyon will let the court know promptly if she has not dismissed her Caddo Parish claims and wishes to pursue them in this court.

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Dismiss Without Prejudice (Doc. 8)** be **granted** and that all claims asserted by Sugar Ray Bullock in his cross-claim are **dismissed without prejudice**.

**IT IS FURTHER RECOMMENDED**, based on the representations of counsel that all other claims asserted in the state court action were previously dismissed, that this civil action be closed.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 22nd day of July, 2009.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE